UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-CR-00179-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UBALDO GARCIA,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion made under Section 3582(c). For cause, defendant states that he believes he is entitled to a lower sentence under the 2018 "new rule first offender guidelines." Defendant further cites Hughes v. United States, 138 S.Ct. 1040 (U.S. 2018), in support of an argument that such amendments would apply retroactively. In sum, defendant contends that he is a non-violent first offender and would be entitled to any benefit the Sentencing Guidelines may now afford to first offenders.

After careful review of the entire motion, the Court determines that defendant is referring to the November 1, 2018, United States Sentencing Guidelines Amendment which added a new application note to the Commentary at §5C1.1 (Imposition of a Term of Imprisonment). This note was amended to provide that if a defendant is a "nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment." U.S.S.G. § 5C1.1, App. Note 4 (emphasis added).

Even if the Court were to assume that this application note was applicable retroactively and that defendant qualified as a nonviolent first offender, he simply would not qualify for any

1

relief under this provision as his applicable guideline range (108-135 months) was well within Zone D. Thus, being a Zone D offender, defendant can receive no relief under the November 2018 amendment to the § 5C1.1 application notes.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion made under Section 3582(c) (#60) is **DENIED**.

Signed: November 26, 2018

Max O. Cogburn Jr
United States District Judge